# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| CHRISTINE MIKOLAJCZYK, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>  vs.<br><br>UNIVERSAL FIDELITY, LP,<br><br>        Defendant. | Case No.: 16-cv-1382<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Christine Mikolajczyk is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect a debt from her allegedly incurred for personal, family or household purposes.

5. Defendant Universal Fidelity, LP ("Universal") is a debt collection agency with its principal place of business located at 16325 Westheimer Rd., Houston, TX 77082.

6. Universal is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Universal is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Universal is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about September 6, 2016, Universal mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "The Hamilton Collection" ("THC"). A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt was a store credit account, issued by THC, which sells figurines online. *See* http://www.hamiltoncollection.com/. The alleged debt was, thus, incurred for personal, family or household purposes.

10. Exhibit A was the first letter that Universal sent to Plaintiff regarding the alleged debt referenced in Exhibit A.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, Exhibit A is a form, initial communication, debt collection letter used by Universal to attempt to collect alleged debts.

13. Exhibit A contains the following text:

> UNLESS YOU NOTIFY UNIVERSAL FIDELITY LP, WITHIN 30 DAYS AFTER RECEIVING YOUR INITIAL NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, UNIVERSAL FIDELITY LP WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY UNIVERSAL FIDELITY LP IN WRITING WITHIN 30 DAYS FROM RECEIVING YOUR INITIAL NOTICE, UNIVERSAL FIDELITY LP WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION. IF YOU MAKE A REQUEST TO UNIVERSAL FIDELITY LP IN WRITING WITHIN 30 DAYS AFTER RECEIVING YOUR INITIAL NOTICE, UNIVERSAL FIDELITY LP WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Exhibit A.

14. Exhibit A also contains the following text:

> ☐ I am disputing the validity of this debt. Reason for Dispute (required):
> _____
> _____
> _____
> _____

## **VIOLATIONS OF THE FDCPA**

15. The text in Universal's letter to Plaintiff and the class is inconsistent with 15 U.S.C. § 1692g(a), which states:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16. Exhibit A states that the consumer's dispute of the alleged debt must include a "required" "reason for dispute" (Exhibit A); however, nothing in 15 U.S.C. § 1692g(a) requires the consumer to explain to the debt collector the reason for the dispute. *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010).

17. Failure to provide the correct validation notice pursuant to 15 U.S.C. § 1692g(a) is a *per se* violation of the FDCPA. No analysis of materiality of the error or omission is required. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we

3

have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

18. For the purposes of Plaintiff's claims under 15 U.S.C. § 1692e, such a false statement is a material false statement, as it imparts in the unsophisticated consumer a false belief about the requirements to dispute a debt.

19. In general, false, misleading or confusing statements about the debt itself, or about the creditor's, debtor's or debt collector's rights or intentions, are all material. *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

20. Plaintiff was confused by Exhibit A.

21. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

22. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

23. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*,

No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a). Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

24. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

25. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

27. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

28. The language in Universal's letters is false, misleading and confusing to the unsophisticated consumer, in that the letter tells the consumer that disputes must include a reason, when the plain language of the statute does not require disputes to include this information. 15 U.S.C. § 1692g(a)(3).

29. Defendant has failed to accurately provide a portion of the FDCPA validation notice required by 15 U.S.C. § 1692g(a).

30. The Defendant has therefore violated 15 U.S.C. §§ 1692g(a), 1692g(a)(3), 1692e and 1692e(10).

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action (c) seeking to collect a debt for personal, family or household purposes, (d) between October 14, 2015 and October 14, 2016, inclusive, (e) that was not returned by the postal service.

32. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

33. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692g(a) and 1692e.

34. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

35. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

36. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

37. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 14, 2016

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin

Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com