# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTINE MIKOLAJCZYK,

          Plaintiff,

     v.                                    Case No. 16-CV-1382

UNIVERSAL FIDELITY, LP,

          Defendant.

## DECISION AND ORDER

**I.**     **Facts and Procedural History**

Plaintiff Christine Mikolajczyk received an initial debt collection letter from defendant Universal Fidelity, LP dated September 6, 2016. (ECF No. 1-1.) The letter included a box that Mikolajczyk could check to indicate, "I am disputing the validity of this debt." (ECF No. 1-1 at 3.) Following that box was printed, "Reason for Dispute (required):" and then four blank lines where a reason could be written. (ECF No. 1-1 at 3.)

On October 14, 2016, Mikolajczyk filed suit alleging that Universal violated the Fair Debt Collection Practices Act (FDCPA) by stating that a consumer was required to provide a reason why she was disputing the debt. Universal filed a motion to dismiss

the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) All parties consented to the full jurisdiction of a magistrate judge (ECF Nos. 4, 9) and the motion is ready for resolution.

II.     **Motion to Dismiss Standard**

"To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bonnstetter v. City of Chi.*, 811 F.3d 969, 973 (7th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)(2)). "A pleader's responsibility is to state a claim for relief that is plausible on its face." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 832-33 (7th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim the court may consider only the pleadings. *See* Rule 12(d). The pleadings here include the complaint and the letter Mikolajczyk appended to the complaint. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The court accepts all well-pleaded facts in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Huri*, 804 F.3d at 832-33.

### III. Analysis

Mikolajczyk alleges that by requiring her to provide a reason if she wished to dispute the debt Universal violated both 15 U.S.C. §§ 1692g(a) and 1692e. (ECF No. 1, ¶ 30.) 15 U.S.C. § 1692g(a) requires a debt collector to provide a consumer with certain written notices when initially communicating with the consumer in connection with the collection of a debt. Specifically relevant here is the requirement that the debt collector provide the consumer with "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(1)(4). 15 U.S.C. § 1692e is a broader proscription against debt collectors using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

Universal sets forth three arguments for dismissal. "First, Universal asking for a 'reason for dispute' was not misleading." (ECF No. 5-1 at 9.) Second, an unsophisticated consumer would not find contradictory the notice Universal provided pursuant to 15 U.S.C. § 1692g. (ECF No. 5-1 at 6-8.) Third, Mikolajczyk's claim under 15 U.S.C. § 1692e must be dismissed because she failed to sufficiently allege that allegedly misleading statement was material. (ECF No. 5-1 at 8-10.)

**A. Asking a Debtor to Give a Reason for Disputing a Debt**

In support of its argument that it was not misleading to ask Mikolajczyk to provide a reason for disputing the debt, Universal relies upon *Huebner v. Midland Credit Mgmt., Inc.*, No. 14 CIV. 6046 (BMC), 2016 WL 3172789, at *1 (E.D.N.Y. June 6, 2016). In *Huebner*, the plaintiff alleged "that defendant violated § 1692e(10), by falsely representing that he needed to give a reason for his dispute and attempting to obtain more information from him." *Huebner*, 2016 WL 3172789, at *3. The court found "nothing unreasonable about allowing a debt collector to ask an individual to explain why he is disputing his debt, as long as it does not interfere with an individual's ability to dispute that debt." *Id.* at *5. The court continued:

> Asking follow-up questions enables the debt collector to focus its investigation on what the problem is with the debt, rather than shooting in the dark. It might even allow the collection agency to resolve the dispute on the spot. If the consumer answers the question by saying, "I only owe $120, not $131," the collection agent might well say, "fine, we'll take it." Problem solved.

*Id.*

If this case was simply about whether a debt collector could ask for the consumer's reason for disputing the debt, *Huebner* would seem to be analogous. But Universal did not simply provide a space for Mikolajczyk to explain the nature of her dispute. It stated that an explanation was "required," suggesting that she could not dispute the debt unless she explained why she was disputing it. The court in *Huebner* anticipated this distinction:

> It also might arguably be the case that if a consumer states, "I want to dispute the debt, and I decline to tell you why," the collector might have to stop asking questions and just mark the debt as disputed (although plaintiff has cited no case so holding). But nothing resembling either of those scenarios happened here.

*Id.* It is this scenario anticipated in *Huebner* that the present case more closely resembles. *Huebner* does not establish that a debt collector can *require* a debtor to give an explanation for disputing a debt. In fact, its dicta tends to support Mikolajczyk's claim.

It is well-established in the Seventh Circuit that the consumer does not need to provide a reason for exercising her right to force the debt collector to verify the existence of the debt. *DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) (citing *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 162 (2d Cir. 2001)); *Paz v. Portfolio Recovery Assocs., LLC*, 2016 U.S. Dist. LEXIS 160779, 13-14 (N.D. Ill. Nov. 21, 2016) (noting that a consumer is not required to provide grounds for disputing a debt); *Bowse v. Portfolio Recovery Assocs., LLC*, 2016 U.S. Dist. LEXIS 151740, 14 (N.D. Ill. Nov. 2, 2016) ("A consumer's right to dispute a debt even without a valid reason is clearly conferred by the FDCPA."); *Emerson v. Fid. Capital Holdings, Inc.*, 2015 U.S. Dist. LEXIS 107091, 4 (N.D. Ill. Aug. 14, 2015) ("Emerson had no duty to provide the grounds or nature of her dispute."). If a debt collector tells a consumer that, in order to dispute a debt, she must do something that she cannot be required to do (here, give her reason for disputing the debt), that states a claim that the debt collector used a "false, deceptive, or misleading

representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e. Therefore, Universal's first argument does not warrant dismissal.

B. **Overshadowing the Validation Notice**

"[E]ven though the § 1692g(a) information properly is included in a communication from a debt collector to a debtor, the debt collector may not overshadow or contradict that information with other messages sent with the validation notice or within the validation period." *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997). Mikolajczyk argues that, although Universal provided the required validation notice, the rights outlined in that notice were overshadowed by a contradictory or inconsistent statement in the letter stating that she was required to provide a reason why she disputed the debt. (ECF No. 10 at 7-11.)

Universal replies that asking a debtor why she disputes the debt is not inconsistent with and does not overshadow the rights outlined in the validation notice. (ECF No. 12 at 3-5.) However, Universal misrepresents the nature of the letter when it suggests it merely "asked" for a reason for the dispute (ECF No. 12 at 3). Universal's letter said that the consumer was "required" to provide a reason for the dispute, and as discussed above with respect to *Huebner* that is a crucial distinction.

A similar claim was presented in *Frey v. Satter, Beyer & Spires*, 1999 U.S. Dist. LEXIS 6912 (N.D. Ill. Apr. 30, 1999). There the letter to the consumer stated, "If any portion of this claim is disputed, you are to notify me within thirty (30) days, indicating

the nature of the dispute." *Frey v. Satter, Beyer & Spires*, 1999 U.S. Dist. LEXIS 6912 (N.D. Ill. Apr. 30, 1999). The plaintiff alleged that, by suggesting that the consumer was required to indicate the nature of the dispute, the debt collector violated § 1692g. In deciding the defendants' motion to dismiss, the court stated, "defendants' inclusion of a requirement to specify the nature of the dispute is not required under § 1692g(a)(3). Therefore, considering Frey's complaint, Frey has adequately presented a claim that defendants have violated § 1692g." *Id.* at 13.

Similarly, in *Whitten v. ARS Nat'l Servs.*, 2002 U.S. Dist. LEXIS 9385 (N.D. Ill. May 23, 2002), the debt collector sent the consumer a letter that contained the notice required under § 1692g but which also said, "Suitable dispute documentation could include the following" and provided six types of acceptable documentation. The debt collector argued that the letter was not contradictory because it did not demand anything of the consumer; rather, it merely offered suggestions of what documentation might be helpful. The court disagreed and granted the plaintiff's motion for summary judgment as to her § 1692g "overshadowing" claim, concluding:

> The inclusion of the phrase "suitable dispute documentation" sends the message that the only way to dispute a debt is if there is a certain "acceptable" type of documentation (even if it is not one of the six listed) and, thus, the consumer is left with a predicament of foregoing her right to dispute a debt if she does not have "suitable documentation" either of the kind listed or of some other "suitable" nature. Because she is not required to have "suitable documentation" when she notifies the debt collector she disputes the debt, but the letter, nevertheless, sends this message, it is contradictory and inconsistent with the required message of the FDCPA.

*Id.* at 12; *see also Castro v. ARS Nat'l Servs.*, 2000 U.S. Dist. LEXIS 2618 (S.D.N.Y. Mar. 8, 2000) (granting plaintiff's motion for summary judgment regarding § 1692g claim in connection with a letter that stated, "Suitable dispute documentation includes the following," followed by six examples).

Universal's letter arguably went further, explicitly *requiring* that, in order to dispute a debt, Mikolajczyk must do something the FDCPA did not require—i.e., give a reason for disputing the debt. Therefore, in light of the conclusion in *Frey* and the persuasive analysis contained in *Whitten*, the court finds that Mikolajczyk has sufficiently alleged that the letter she received from Universal violated § 1692g.

**C. Materiality**

Lastly, Universal argues that Mikolajczyk's complaint must be dismissed because she does not adequately allege that the statement at issue—that she was required to explain why she was disputing the debt—was materially misleading. That is, she did not allege that she did anything differently because of the allegedly misleading statement. (ECF No. 5-1 at 8-10.) The parties agree that materiality is relevant only to Mikolajczyk's § 1692e claim; it is irrelevant to her § 1692g claim. Also, although Universal's initial brief suggested otherwise, in reply it is clear that it agrees with Mikolajczyk that materiality is determined objectively. (ECF No. 12 at 6.)

"Despite the breadth of § 1692e's coverage … there are limits to its reach." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). Even if a statement is false it does not run

afoul of § 1692e unless it is materially misleading to an unsophisticated consumer. *Id.* (citing *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645-46 (7th Cir. 2009)). Thus, a false or misleading statement is actionable under § 1692e only if it is material, "meaning that it has 'the ability to influence a consumer's decision.'" *Id.* at 826 (quoting *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011)); *see also Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009); *Johnson v. Enhanced Recovery Co., LLC*, 2017 U.S. Dist. LEXIS 5803 (N.D. Ind. Jan. 17, 2017) ("Technical falsity is not enough to constitute a violation; the false statement must have the capability to affect the unsophisticated consumer's decisionmaking.") "The influence need not be enough to conclusively change the consumer's decision, but it must at least be 'a factor in [their] decision-making process[.]'" *Heling v. Creditors Collection Serv.*, 2016 U.S. Dist. LEXIS 120041 (E.D. Wis. Sept. 6, 2016) (quoting *Lox*, 689 F.3d at 827). For example, when a debt collector incorrectly noted which portion of a consumer's debt was principal and which was interest, the Court of Appeals for the Seventh Circuit found the error immaterial because "[a] dollar due is a dollar due" and, whether principal or interest, the consumer owed the sum all the same. *Hahn*, 557 F.3d at 757-58.

Mikolajczyk alleges that the statement that she was required to provide a reason for disputing her debt "is a material false statement, as it imparts in the unsophisticated consumer a false belief about the requirements to dispute a debt." (ECF No. 1, ¶ 18.) This allegation is a bit empty if not circular; it alleges only that an unsophisticated

9

consumer would misunderstand the requirements to dispute a debt, which addresses more the falsity of the statement than its materiality.

Nonetheless, Mikolajczyk does not need to plead any more specifically than she did as to why the misrepresentation is material. The materiality is evident from a plain objective reading of the letter. *Cf. Winiecki v. Creditors Interchange Receivable Mgmt., LLC*, 14 F. Supp. 3d 1086, 1094 (N.D. Ill. 2014) (discussing a plaintiff's responsibility to plead materiality). If a consumer lacks a reason for wishing to dispute the debt, or is unclear whether her reason is relevant or sufficient, being told that she must provide a reason may dissuade her from exercising her unfettered right under the FDCPA to dispute the debt. Thus, the court rejects Universal's argument that Mikolajczyk's § 1692e claim must be dismissed for failing to plead materiality.

## IV. Conclusion

For the reasons set forth above, the motion to dismiss for failure to state a claim filed by Universal Fidelity LP (ECF No. 5) is hereby **denied**. In accordance with Fed. R. Civ. P. 12(a)(4)(A), Universal Fidelity LP shall answer the complaint within 14 days of the date of this order.

Finally, Mikolajczyk also filed what the court commonly refers to as a "protective" or "placeholder" motion to certify a class in this matter. (ECF No. 3.) Concurrently she requested to stay briefing on the motion. The grants Mikolajczyk's motion to stay briefing on this motion. The motion for class certification is terminated

for administrative purposes. However, the court regards the motion as pending to the extent a pending motion is required to satisfy the plaintiff's intended protective purpose in light of *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), and *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 22nd day of February, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge